### ATTORNEY GENERAL *vs.* MAYOR OF NEW BEDFORD.

Suffolk.　Jan. 8. — Feb. 27, 1880.　COLT & LORD, JJ., absent.

No exception lies to a refusal to grant a writ of mandamus to the mayor of a city to compel him to make a nomination to the board of aldermen for the office of chief of police, while a person is holding that office *de facto*, and no one but the incumbent is claiming it; and while an information, in the nature of a quo warranto, is pending to try his title to the office.

PETITION filed August 9, 1879, by the attorney general, at the relation of two citizens of New Bedford, for a writ of mandamus against the mayor of that city and Thomas L. Allen, to compel the mayor to nominate some proper person, other than Allen, who was alleged to be ineligible, to fill the office of chief of police in said city.

The case was heard on the petition and answers, which set forth the same facts as appear in *Commonwealth* v. *Allen, ante,* 308. By the amended charter of New Bedford, the mayor of that city is elected annually on the first Tuesday of December, enters upon the duties of his office on the first Monday of January following, and holds office for one year. *Lord,* J., dismissed the petition; and the petitioner alleged exceptions.

*W. C. Parker, Jr.,* for the Attorney General.

*F. A. Milliken,* for the respondent.

GRAY, C. J.　We have grave doubts whether a writ of mandamus can be granted to the mayor now that the term of office which he held at the time of filing the petition has expired. *United States* v. *Boutwell,* 17 Wall. 604. *Commissioners* v. *Sellew,* 99 U. S. 624. And we are quite clear that in a case in which no one but the incumbent was claiming the office of chief of police, and while an information was pending to try his title to that office, it cannot be said to have been erroneous, in matter of law, to refuse a writ of mandamus to the mayor to make a new nomination. *Oakes* v. *Hill,* 8 Pick. 47. *Strong's case,* 20 Pick. 484, 497. *Ellis* v. *County Commissioners,* 2 Gray, 370, 375.　　　　　　　　　　　　　　　　　*Exceptions overruled.*