Follett, J.
The validity o.f this ordinance has been tested by the tax-payers of Cincinnati through their city solicitor, and this court has held (Kumler v. Silsbee, 38 Ohio St. 445) the ordinance valid ; and it does not appear *50 that the legislative board of the city government has repealed the ordinance, or has sought to defeat the grant.
The ordinance does not contain a provision in express words that the grant or franchise shall take effect upon any act, event, or condition. There is nothing to contradict section 14 of the ordinance, which provides : “ This oi’dinanee shall take effect and be in force from and after the earliest period allowed by law;” and there is nothing that suspends the vesting of the grant or franchise. This ordinance grants certain privileges to individuals ; and such a grant or franchise is strictly construed; People v. Ferry Co., 68 N. Y. 71; and in a certain sense it is a contract with the public, Hard. St. L. Ch. 2, and it becomes void by force of the legislative declaration contained in the grant; Railroad Co. v. Railroad Co., 45 Cal. 365; Pom. Eq. Juris., § 458; Sedg. Stat. Law, 83.
But there is a difference between conditions precedent and conditions subsequent. “ In the former case equity ban give no relief. The failure to perform is an inevitable bar. No right can ever vest. The result is very different where the condition is subsequent.” Davis v. Gray, 16 Wall. 229, 230.
We may also apply the principle that the law strictly construes provisions working forfeitures: “ Such statutes are to reach no further in meaning than their words; no person is to be made subject to them by implication, and all doubts concerning their interpretation are to preponderate in favor of the accused. Only those transactions are covered by them which are within both their spirit and their letter.” Bish. Wr. L., §§ 192-194.
“ Stipulations in a contract providing for disabilities or forfeitures are to receive, when the intent is doubtful, a strict construction against those for whose benefit they are introduced.” West v. Citizen’s Ins. Co., 27 Ohio St. 1, 13.
The provisions of section 10 of the ordinance are that 'Silsbee shall begin the work “ within one year from the taking effect of the ordinance, and within three years shall have laid one mile of main pipes, otherwise the ordinance *51 shall become void and of no effect;” and they may be regarded as conditions subsequent.
By the ordinance a good and satisfactory bond must be delivered to the city before commencing the work, and the board of public -works and the city solicitor are to determine whether the bond presented be such a bond. As they have refused to act in the matter, plaintiff brings his action to require them to proceed according to law and the requirements of the ordinance to take action in approval or disapproval of the bond.” The answer avers that the city solicitor “ approved the same as being in form such as required by the ordinance,” but that the solicitor gave his opinion to the board, “ that the permission, granted by said oi’dinance to the relator, had been lost and forfeited by him under the provisions of section 10 of the ordinance,” and thereupon the board “ refused to take action upon the alleged bond, or to investigate the sufficiency of the sureties thereon.”
Before commencing the work, Silsbee must not only execute and deliver a good and satisfactory bond, but he must have a permit from the board of public works. If there be no bond, the board may not graut a permit or direct at what point or points the work shall be carried on. And when the bond is approved as good and satisfactory, the permit and directions are still to be obtained before the work begins. Silsbee was to have one year from the taking effect of the ordinance to begin the work of laying steam pipes; and within that time he must have his bond approved, lie must give the city solicitor and the board a reasonable ti me to ascertain whether the offered bond be good and satisfactory — time to act on the sufficiency of the bond.
Before.the ordinance took effect, Kumler, as city solicitor, filed a petition against Silsbee and the city of Cincinnati, to enjoin Silsbee and the city from doing any thing under the ordinance, claiming that the ordinance was void. After the commencement of that action and within one year from the taking effect of the ordinance, Silsbee tendered a good and sufficient bond and asked for a proper permit ;.the solicitor and-the board refused to act because of the pend *52 eney of that litigation. In that case the city, as well as Silsbee, was a party ; and it does not appear that the city, in any respect, objected to the action, or directed or requested the solicitor or the board to act as to either the bond or the permit. The city permitted the proceedings in that case to control it, and the city is bound by the judgment in that case.
The solicitor is a public officer elected by the people, and, when required so to do by resolution of the council he shall prosecute or defend for and in behalf of the corporation, except in certain cases (Rev. Stats., § 1774); and of his own will, or at the request of a tax-payer, he may bring suit for injunction to restrain the abuse of corporate powers.(Rev. Stats., § 1777). Kumler as solicitor seems to have brought .that suit at the request of a tax-payer. We need not determine the city’s responsibility for the solicitor’s acts in that suit, but the pendency of that suit prevented action in approval of the bond, as the solicitor and the board declined to act by reason of the suit, and Silsbee needed to have that suit ended before he asked for mandamus to compel action. Attorney-Gen. v. The Mayor, 128 Mass. 312; The State v. Patterson, 11 Neb. 266 ; Chicago v. C. § W. I. R. R. Co., 105 Ill. 73; High Ex. Rem., § 21. And Silsbee’s delay was excused by the law and by the acts of those to whom was given the special trust of approval, and which acts were acquiesced in by the grantor. And the permission granted by the ordinance to the relator was not lost by the enforced delay. In such circumstances the pending suit and the refusal of the city solicitor and of the board to act upon the bond, may be regarded as preventing “the taking effect of this ordinance,” or as postponing the terms of its conditions until the final judgment in that case. Chicago v. C. & W. I. R. R. Co., supra ; Thayer v. Boston, 19 Pick. 511 ; Davis v. Gray, supra, 204, 230, 231; Hubbard v. Norton, 28 Ohio St. 116, 127, 128.
The plaintiff, Silsbee, is entitled to an unobstructed year of time in which to begin the work of laying pipes, and some of that time yet remains. In Kumler’s case the final *53 judgment in Silsbee’s favor was rendered November 7,1882; and within one year from that time, on October 16, 1883, Silsbee executed and delivered his bond to the proper city officers, the defendants, for their official action. They should have acted promptly upon the sufficiency of the bond, as they perform any other official act; but after delay they refused to act in approval or disapproval of the bond. The time the bond was unnecessarily detained should not be reckoned against Silsbee, neither the time spent in compelling action.
Silsbee did not present his bond for approval until his year for beginning the work had well nigh expired; and he must show a clear, legal right to have the remedy by mandamus that he seeks (High Ex. Rem., § 9); but there remained some three weeks oí his time, and he has shown his right to have the defendants act upon the bond and to have the remedy by mandamus, as prayed for in the> petition.
In refusing plaintiff's prayer, and in dismissing his petition, the district court erred.

Judgment reversed and cause remanded for peremptory mandamus.