EVERETT H. KING *vs.* SELECTMEN OF TEWKSBURY & another.

Middlesex.    April 8, 1948. — May 3, 1948.

Present: QUA, C.J., DOLAN, RONAN, WILKINS, & SPALDING, JJ.

*Mandamus.   Practice, Civil,* Appeal.

This court ordered dismissed an appeal from the issuance of a writ of mandamus giving certain directions as to the number and terms of office of selectmen to be elected at a town election, where it appeared that, before the appeal was heard in this court, the election had been held pursuant to the mandate of the writ, that the granting of further relief in the proceeding might affect adversely rights of persons who purportedly had been elected but who had not had any opportunity to be heard to defend their election, and that a new mandamus proceeding had been commenced to try title to the offices of selectmen.

PETITION for a writ of mandamus, filed in the Superior Court on February 2, 1948.

The case was heard by *Sullivan,* J.

*M. G. Rogers,* for the respondents.

*S. Abrams,* for the petitioner.

WILKINS, J.   Upon this petition for a writ of mandamus by a registered voter of Tewksbury, a peremptory writ issued on February 6, 1948, commanding that the respondent board of selectmen place in the warrant for the annual town meeting to be held on February 25, 1948, a statement that three selectmen were to be elected, all for a term of one year, and commanding that the respondent town clerk cause a similar statement to be printed on the ballot to be used at that meeting.   The respondent board and the respondent clerk appealed.

The case was heard upon a stipulation that the facts alleged in the petition and in the answer are true and constitute all the material facts.   The town for many years at its annual meeting elected a board of selectmen for one year terms.   At an annual meeting on February 3, 1943, the town voted "to accept article 25 of the warrant," which provided that at the annual meeting in 1944 the town should elect

three selectmen for the respective terms ·of one, two, and three years, and that at each annual meeting thereafter it should elect one selectman for a term of three years. Beginning with the annual meeting in 1944 selectmen were elected in accordance with that vote.

The controversy concerns the effect of a vote of a special town meeting on August 27, 1947, "That the town rescind its action in acceptance of article 25 of the annual town meeting held February 3, 1943, and elect three members of the board of selectmen, three members of the board of welfare as provided for in chapter 41, section 1 of the General Laws, all to serve for one year." On February 2, 1948, the date of filing the petition, the respondent board of selectmen consisted of one Sullivan, elected in 1945 for a term of three years, who admitted that his term was to expire that month; one Cluff, elected in 1946 for a term of three years, who contended that his term did not expire until 1949; and one Carter, elected in 1947 for a term of three years, who contended that his term did not expire until 1950. Being of opinion that the terms of Cluff and Carter were not shortened by the vote, the respondent board intended to prepare a warrant, and the respondent clerk intended to prepare a ballot, stating that but one selectman was to be elected for a term of one year.

In this court the petitioner has filed a motion to dismiss the appeal on the ground that the questions raised have become moot. It is agreed that at the election held on February 25, 1948, pursuant to the peremptory writ issued in this case, the selectmen purportedly elected for one year terms are Sullivan, one Battles, and one Burgess. We were also informed at the arguments by counsel for the respondent board that a new petition for a writ of mandamus to try title to the offices of selectmen had been prepared for immediate filing. See *Farrell* v. *Mayor of Revere,* 306 Mass. 221, 223; *Kenney* v. *McDonough,* 315 Mass. 689, 692–693.

The respondents deny that the case has become moot, and contend that one selectman should have been elected in 1948, two in 1949, and three in 1950, each for a term of one year. See G. L. (Ter. Ed.) c. 41, § 1, as amended; St. 1913,

c. 835, §§ 400, 406, 407. We refrain from deciding whether the case has become moot within the principle of *Mullholland* v. *State Racing Commission*, 295 Mass. 286, and similar cases, although it is plain that the relief actually granted pertained solely to an election which has been held. Obviously any further relief which could be given might foreclose the rights of Battles and Burgess, who have had no opportunity to be heard. In view of the proceedings to try title to the offices, which undoubtedly are now pending in accordance with the statement made at the arguments, we think that it is preferable that the issues be determined in those proceedings. See *Oakes* v. *Hill*, 8 Pick. 47; *Attorney General* v. *Mayor of New Bedford*, 128 Mass. 312; *United States* v. *Commissioner*, 5 Wall. 563; *United States* v. *Windom*, 137 U. S. 636, 644; *Matter of Hart*, 159 N. Y. 278, 285–286. See also High, Extraordinary Remedies, 14–15.

*Appeal dismissed.*