WILLIAM B. CARTER & another *vs.* PHILIP A. BURGESS & another.

Middlesex.   June 29, 1948. — October 8, 1948.

Present: QUA, C.J., LUMMUS, DOLAN, SPALDING, & WILLIAMS, JJ.

*Municipal Corporations,* Officers and agents.   *Mandamus.   Practice, Civil,* Parties.

A petition for a writ of mandamus by two petitioners against two respondents to try the title to two of three offices of selectmen in a town to which the two respondents, with a third person, had been declared elected, was not defective in the circumstances on the ground that it merely alleged that the petitioners and the respondents were claiming the same offices without any allegation that a particular petitioner and a particular respondent were claiming the same office; or on the ground that the third person, whose right to hold office as a selectman was not challenged by the petitioners, was not a party to the proceeding; or on the ground that the petitioners did not challenge the validity of a material vote of the town whose effect, rather than whose validity, was in issue.

The question of misjoinder of petitioners in a petition for a writ of mandamus was not raised by a demurrer based solely on the ground that the petition did not set forth facts sufficient for its maintenance.

Under G. L. (Ter. Ed.) c. 41, §§ 1, 2, as amended, a vote adopted at a town meeting held in August, 1947, in a town using official ballots for the election of officers, to change the term of office of selectmen from three years to one year, did not shorten the terms of office of selectmen previously duly elected for three year terms expiring in 1949 and 1950, respectively, and they were entitled to continue to hold office as against two persons purportedly elected selectmen for one year at the annual town meeting in 1948.

PETITION for a writ of mandamus, filed in the Superior Court on April 8, 1948.

The case was heard on demurrer and on the merits by *Dowd, J.*

In this court the case was submitted on briefs.

*J. P. Donahue & S. Abrams,* for the respondents.

*M. G. Rogers & R. W. Sherburne,* for the petitioners.

SPALDING, J.   This is a petition for a writ of mandamus to try title to two offices of selectmen of the town of

Tewksbury. The respondents' demurrer to the petition was overruled, and the case was then heard upon agreed facts. Judgment was entered ordering a writ of mandamus to issue commanding the respondents to cease acting as selectmen of the town of Tewksbury and requiring the respondents to recognize the petitioners as such selectmen. From this judgment and the order overruling their demurrer, the respondents appealed.

Facts material to this appeal are these: For many years the town at its annual meeting elected a board of selectmen, composed of three members, for one year terms. At the annual meeting on February 3, 1943, the town voted "to accept article 25 of the warrant . . . providing" that at the annual meeting in 1944 the town should elect three selectmen for the respective terms of one, two, and three years, and that at each annual meeting thereafter it should elect one selectman for a term of three years. Elections were conducted in accordance with that vote beginning with the annual meeting in 1944. At a special town meeting on August 27, 1947, it was voted "that the town rescind its action in acceptance of article 25 of the annual town meeting held February 3, 1943, and elect three members of the board of selectmen, three members of the board of welfare as provided for in c. 41, § 1, of the General Laws, all to serve for one year."

On February 25, 1948, the date of the annual election of town officers, the board of selectmen consisted of one Sullivan, elected in 1945 for a term of three years; the petitioner Cluff, elected in 1946 for a term of three years; and the petitioner Carter, elected in 1947 for a term of three years. At the election held on February 25, 1948, the only names appearing on the official ballot as candidates for the office of selectmen were Sullivan and the respondents. Believing that their terms of office were not affected by the vote of the special town meeting of August 27, 1947, the petitioners did not file nomination papers and their names did not appear on the ballot.

Prior to the annual town meeting of 1948 the selectmen (Sullivan, Cluff and Carter) were about to prepare and post

a warrant for the meeting in which it would be stated that the voters should vote for only one candidate who was to be elected for the term of one year, and ballots were to be prepared containing similar statements.  Before this was done, however, a peremptory writ of mandamus (on the petition of one King, a registered voter of the town) issued from the Superior Court on February 6, 1948, commanding that the board of selectmen place in the warrant for the annual town meeting to be held on February 25, 1948, a statement that three selectmen were to be elected, all for a term of one year, and commanding the town clerk to cause a similar statement to be printed on the ballot used at that meeting. [1]   The warrant and ballot were printed in accordance with the order of the court.

At the election the vote was as follows:

| | |
|---|---:|
| C. Abbott Battles | 838 |
| Philip A. Burgess | 832 |
| Edward J. Sullivan | 842 |
| Victor N. Cluff [2] | 402 |
| William B. Carter [2] | 58 |
| All others | 18 |
| Blanks | 808 |

Sullivan and the respondents were declared elected for a term of one year and all have taken the oath of office and are acting as selectmen.

The "town has accepted the provisions of law for the use of official ballots in electing town officers and as provided in § 6 of c. 41 of the General Laws, and such official ballots were used at the . . . election . . . held on February 25, 1948."

The demurrer of the respondents was rightly overruled. The ground of the demurrer was that the "petition does not set forth facts well pleaded entitling the . . . [petitioners],

---

[1] In an appeal from this decision to this court we were asked to decide the question now presented but we declined to do so, being of opinion that it was preferable to determine that issue in the present proceedings.  *King* v. *Selectmen of Tewksbury*, 322 Mass. 668.

[2] The votes for the petitioner Cluff were "by means of stickers and write-ins"; those for the petitioner Carter were "by means of write-ins."

or either of them, to maintain the aforesaid petition." In support of the demurrer the respondents argue that the petition is defective (1) in not alleging that the petitioners and the respondents are claiming the same offices or that title to any specific office is at issue; (2) in not challenging the validity of the election held on February 25, 1948, or the election of Sullivan; and (3) in failing to challenge the validity of the vote of August 27, 1947.

That mandamus is the proper remedy to try the title to a municipal office is well settled. *Keough* v. *Aldermen of Holyoke,* 156 Mass. 403. *MacBrayne* v. *City Council of Lowell,* 241 Mass. 380, 384. *Parrott* v. *Plunkett,* 268 Mass. 202, 205. The petition here alleges everything essential for relief. It alleges in substance that the respondents and the petitioners are claiming the same offices, namely, two offices of selectmen of the town of Tewksbury. It was not possible in the circumstances obtaining here for either petitioner to assert that a particular respondent illegally held the office which he was claiming. Consequently it was sufficient for them to allege that they claimed the offices held by the respondents. Whether the petitioners were improperly joined (see *Wardwell* v. *Leggat,* 291 Mass. 428, 431) is a question not open on this demurrer, which was general. G. L. (Ter. Ed.) c. 231, § 18, Fourth. See *Worthington* v. *Houghton,* 109 Mass. 481, 486; *Steffe* v. *Old Colony Railroad,* 156 Mass. 262, 263. The petitioners were not required to name Sullivan as a respondent since they have not sought to challenge his right to hold office. See *Wardwell* v. *Leggat,* 291 Mass. 428, 430. Whether he was properly elected is a question not before us. The petitioners do not contend, and were not required to allege, that the vote of August 27, 1947, was invalid. It is the effect of that vote and not its validity which is in issue.

We pass now to the merits of the controversy the decision on which turns on the effect of that vote. As previously noted, that vote rescinded the action of a previous town meeting which had fixed the terms of selectmen at three years, and provided that thereafter selectmen should be elected to serve for one year. The respondents contend

that the effect of that vote was to shorten the terms of office of the petitioners. The petitioners, on the other hand, argue that the vote did not have such effect and that they continued to be selectmen of the town until the terms of office to which they were severally elected expired, which in the case of Cluff would be 1949 and in the case of Carter would be 1950.

The pertinent statutes in force at the time that the petitioners were elected are G. L. (Ter. Ed.) c. 41, § 1, as amended by St. 1934, c. 155, § 1, and St. 1943, c. 453, § 3; § 2.[1] Neither of these sections deals specifically with the situation here presented. Section 2 provides that a term of office may be shortened in only two instances: (1) where the town elects a new board or officer to perform the duties of an existing board or officer, and (2) where the town votes to reduce a board of three members to a single officer. But neither of these situations is present here.

In earlier statutory provisions, namely, in St. 1913, c. 835, the question here presented is specifically dealt with. By § 400 it is provided that every town at its annual

---

[1] These, so far as material, are as follows: "Section 1. Every town at its annual meeting shall in every year when the term of office of any incumbent expires, and except when other provision is made by law, choose by ballot from its registered voters the following town officers for the following terms of office . . . Three or five selectmen for the term of one or three years . . . . Section 2. Where the town elects a new board or officer to perform the duties of an existing board or officer, the office of such existing board or officer shall terminate upon the qualification of the new board or officer. Where official ballots are used, the establishment of a new board or office, or the fixing of the term of office of town officers where such term is optional, or the increase or reduction of the number of members of a board, shall be determined at a meeting held at least thirty days before the annual meeting. In towns not using official ballots the matter may be determined by vote at the annual meeting. Such vote shall continue in effect until rescinded. If a town votes to increase the number of members of any board, such increase shall be made by adding one or more to each class, to hold office according to the tenure of the class to which they are severally chosen, as will within three years effect it, and such vote to increase shall remain in force until the increase under it is accomplished. If a town votes to diminish the number of members of any board, such diminution shall be made by choosing annually such number as will within three years effect it, and a vote to diminish shall remain in force until the diminution under it is accomplished. If a town votes to reduce a board of three members to a single officer, such vote shall take effect at the following annual town meeting, and upon the election and qualification of such officer the term of said board shall terminate; provided, that in towns where official ballots are used, unless the vote thus passed is more than thirty days prior to the annual town meeting, it shall not take effect until the succeeding annual town meeting."

election shall choose three, five, seven or 'nine selectmen "who, except as otherwise provided in the following sections, shall serve during the year." Section 406 provides, among other things, that the terms of selectmen may be fixed at three years. Section 407 provides that "A town which has voted to elect said officers as provided in the preceding section, may . . . rescind such action; *but such rescission shall not affect the term of office of any such officer*" (emphasis supplied). The provision just quoted is not found in G. L. (Ter. Ed.) c. 41, §§ 1, 2, nor in St. 1920, c. 591, § 33, from which §§ 1 and 2 are derived.[1] It is earnestly argued by the respondents that the failure to include this provision in subsequent revisions of the law is of great significance and manifests a legislative intent to permit the shortening of a term of office in a situation such as the one before us.

The legislative history of §§ 1 and 2, we think, does not support this argument. Statute 1920, c. 591, is the result of a report of a commission appointed under the provisions of c. 248 of the general acts of 1919 to complete the work of "revising and codifying the laws relating to towns."[2] It is a general principle that verbal changes made in a revision of a statute do not change its meaning unless an intent to change the meaning plainly appears either from the words themselves or from the legislative history. *Doggett v. Hooper*, 306 Mass. 129, 132. *Scaccia v. Boston Elevated Railway*, 317 Mass. 245, 251. We do not find such an intent here. Chapter 591 of St. 1920 amended § 400 of St. 1913, c. 835; and repealed several sections of that chapter including §§ 406 and 407. These sections were omitted, we think, not because they did not state the applicable law in the situations with which they dealt but because, as the report

---

[1] Section 33 and §§ 1 and 2 are, so far as here material, substantially the same.

[2] The commission in its report stated, "The law in reference to the election of town officers as now appearing in chapter 835 of the Acts of 1913, known as the election law, is considerably confused, and in the effort to clarify the same the various sections have been consolidated and revised; this has permitted the elimination of ten sections in the present law, and makes the law more concise and easier of interpretation by the general public." See Massachusetts Legislative Documents, Senate, 1920, No. 2, page 18.

of the commission indicates, by consolidation and revision the matters dealt with were more concisely stated. It is to be noted that § 400 of St. 1913, c. 835, was amended by St. 1920, c. 591, § 33, to read, "Every town at its annual meeting shall *in every year when the term of office of any incumbent expires,* and except as is otherwise provided by law, choose by ballot from its inhabitants thereof the following-named town officers and for the following terms of office . . . Three or five selectmen for the term of one or three years" (emphasis supplied). It is not unreasonable to infer that the italicised phrase, which was added by the amendment and now appears in G. L. (Ter. Ed.) c. 41, § 1, was intended to accomplish the purpose of the phrase "but such rescission shall not affect the term of office of any such officer" which was contained in § 407 of the 1913 statute. Moreover, it seems reasonable to suppose that, if the Legislature had intended that the vote of a town by which the terms of selectmen were changed from three years to one year should operate to shorten the terms of those elected for the longer term, it would have said so expressly. As we have pointed out above, there are two situations in § 2 of c. 41 in which it is expressly provided that the terms of certain offices shall terminate. The failure to so provide in a situation such as the one before us is not without significance.

The conclusion follows that the terms of the petitioners were not diminished by the vote of August 27, 1947, and that they are entitled to serve until the expiration of their respective terms. The entry must be

*Judgment affirmed.*