ANIL K. CHAKRABARTI & another *vs*. MARCO S. MARINELLO ASSOCIATES, INC.

Hampden. November 8, 1978. — March 6, 1979.

Present: HENNESSEY, C.J., KAPLAN, WILKINS, LIACOS, & ABRAMS, JJ.

*Housing Court*, Jurisdiction. *Jurisdiction*, Housing Court, Consumer Protection Act.

The Housing Court of the County of Hampden did not have jurisdiction over a civil action brought under c. 93A alleging unfair and deceptive practices in the sale of a house. [421-423]

CIVIL ACTION commenced in the Housing Court of the County of Hampden on January 30, 1976.

The case was heard by *Peck*, J.

After review was sought in the Appeals Court, the Supreme Judicial Court, on its own initiative, ordered direct appellate review.

*Cornelius J. Moriarty, II,* ·for the defendant.

*Richard F. Connon* for the plaintiffs.

HENNESSEY, C.J. The single issue we decide in this case is whether the Housing Court of the County of Hampden has subject matter jurisdiction over a civil action brought under G. L. c. 93A alleging unfair and deceptive practices committed in the sale of a house. Based on our reading of the legislative history of St. 1973, c. 591, the act creating the Housing Court of the County of Hampden, we hold that this type of dispute is not within that court's jurisdiction.

It follows that this action must be dismissed. Although the plaintiffs may bring a new action in an appropriate forum, it is regrettable that we must reach this result, since the issues were fully and fairly tried. Nevertheless, the legislative purpose regarding jurisdiction is un-equivocally clear, and it mandates the present disposi-tion. See Frankfurter, Some Reflections on the Reading of Statutes, 47 Colum. L. Rev. 527 (1947).

We briefly summarize the facts. In June, 1974, after a series of negotiations, the plaintiffs, Anil and Pranati Chakrabarti, purchased from the defendant, Marco S. Marinello Associates, Inc., a house located at 210 Moun-tainview Drive in Holyoke. Some years prior to the sale, the house was part of the main clubhouse of a golf club known as Wyckoff Park Country Club. Due to an eminent domain taking by the Commonwealth for the purpose of building Interstate Highway I-91, the clubhouse and some adjoining land had been severed from the golf course during the 1960's. Significantly, the clubhouse proper had itself been partially in the right of way claimed by the Commonwealth. As a result, the defend-ant had detached approximately half of the clubhouse and had moved it to a nearby vacant lot. The property the plaintiffs purchased consisted chiefly of the remainder of the clubhouse.

While viewing the house prior to sale, the plaintiffs noticed water in the dwelling's cellar. They were advised by the defendant, through the latter's agent, that this accumulation could be inexpensively rectified by a small amount of landscaping and grading. Following the con-veyance, however, the plaintiffs discovered that the cause of this excess drainage was the fact that the house rested on a foundation now twice the size of that needed. To correct the problem, the plaintiffs were required to hire a contractor to seal the foundation and to perform exten-sive grading along the back of the house at a cost substan-tially greater than that originally anticipated.

On January 30, 1976, the plaintiffs commenced this action in the Housing Court of the County of Hampden, seeking damages and claiming that the defendant's misrepresentation of the cost involved to correct the cellar drainage constituted an unfair and deceptive act within the meaning of G. L. c. 93A, § 2, as regulated by par. IV-A and par. XV of the Attorney General's Rules and Regulations, 20 Code Mass. Regs., Part 5, at 25, 39-40.[1] After denying the defendant's motions to dismiss for lack of subject matter jurisdiction, the judge heard the evidence, found for the plaintiffs, and awarded damages of $6,500 and $1,000 attorney's fees. This court transferred the case from the Appeals Court on its own motion.

Because we believe the judge erred in his denial of the defendant's motions to dismiss, we reverse the court's judgment. We are of the opinion that the General Court intended that the jurisdiction of the Housing Court of the County of Hampden should not extend to cases arising under c. 93A.[2]

The Housing Court of the County of Hampden was created by the General Court in 1973 and is modeled in large part on the Boston Housing Court. Compare G. L. c. 185A, inserted by St. 1971, c. 843, with G. L. c. 185B, inserted by St. 1973, c. 591.[3] Section 3 of c. 185B outlines the scope of jurisdiction for the Housing Court of the County of Hampden. That statutory provision declares that "[t]he housing court shall have common law and statutory jurisdiction concurrent with the district courts and superior court of all crimes and of all civil actions,

[1] Since the defendant is a chartered Massachusetts corporation acting in a business context, it is amenable to suit under a c. 93A claim. Compare *Heller* v. *Silverbranch Constr. Corp.*, 376 Mass. 621 (1978), with *Lantner* v. *Carson*, 374 Mass. 606 (1978).

[2] This is not to say that tenant-defendants are barred from raising c. 93A defenses or counterclaims to eviction or other actions brought by lessors. That issue is not before us.

[3] Under court reorganization, both these provisions are now incorporated in c. 185C. St. 1978, c. 478, § 91.

arising within the county" under a number of specifically delineated provisions of the General Laws and "for any other general or special law, ordinance, rule or regulation as is concerned with the health, safety or welfare of any occupant of any place used, or intended for use, as a place of human habitation." Focusing on the catchall language quoted above, the plaintiffs contend that c. 93A is a "general law . . . concerned with the health, safety or welfare of [housing] occupant[s]" and thus within the jurisdictional grant of the Housing Court of the County of Hampden. We do not agree.

Although there are writings in support of the plaintiffs' argument,[4] and while c. 93A actions apparently have been heretofore decided in a Housing Court, our interpretation of the statutory language cited above is constrained here by the legislative history surrounding the creation of the Housing Court of the County of Hampden. See St. 1973, c. 591. As § 3 of c. 185B was originally drafted, c. 93A was among those statutory provisions over which the Housing Court of the County of Hampden was specifically granted jurisdiction.[5] In its final form, however,

---

[4] See Stavisky, Landlord & Tenant Law § 1299 (1977).

[5] 1973 House Doc. No. 7124, at 2-3, provided that "[t]he housing court shall have common law and statutory jurisdiction concurrent with the district courts and superior court of all crimes and of all civil actions arising within the county, under chapter forty A, sections twenty-one through twenty-five of chapter two hundred and eighteen, sections fourteen and eighteen of chapter one hundred and eighty-six and under so much of sections one hundred and twenty-seven A through one hundred and twenty-seven F, inclusive, and sections one hundred and twenty-seven H to one hundred and twenty-seven L, inclusive, of chapter one hundred and eleven, so much of section sixteen of chapter two hundred and seventy, so much of chapters one hundred and forty-three, one hundred and forty-eight, chapter two hundred and thirty-nine, *chapter ninety-three A,* and any other general or special law, ordinance, rule or regulation as is concerned with the health, safety or welfare of any occupant of any place used, or intended for use, as a place of human habitation" (emphasis supplied). See also 1973 Senate Doc. No. 1654.

mention of c. 93A was omitted. On the floor of the House of Representatives, reference to c. 93A was deleted, 1973 House Journal 2353, and this deletion was, in turn, adopted by the Senate. 1973 Leg. Rec. 459A. Thus, in light of this implied expression of legislative purpose, we must conclude that the General Court desired to prevent the initiation of c. 93A claims in the Housing Court of the County of Hampden. See 2A C. Sands, Sutherland Statutory Construction § 48.03 (4th ed. 1973).

Because we arrive at our decision in this case by way of specific legislative exclusion, we reserve comment on all other questions of Housing Court jurisdiction. We indicate no opinion, for example, regarding Housing Court jurisdiction over matters not involving landlords and tenants.

In the case herein it is clear that the plaintiffs' suit must be dismissed. Since it appears that they are adequately protected against the statute of limitations by the applicable law, see G. L. c. 260, § 32; *Woods* v. *Houghton*, 1 Gray 580 (1854), however, we leave it to them to decide whether and where to initiate new proceedings.[6] It is enough to say that the proper forum for resolution of this c. 93A claim is either the Superior or District Court.[7]

*Judgment reversed.*

---

[6] There is also provision for transfer of cases between departments of the Trial Court. G. L. c. 211, § 4A. We note also the powers of the Chief Administrative Justice to transfer cases and judges to departments of the Trial Court. G. L. c. 211B, § 9, inserted by St. 1978, c. 478, § 110.

[7] See G. L. c. 93A, § 9 (1); G. L. c. 93A, § 9 (3A), inserted by St. 1978, c. 478, § 46.