BOARD OF SELECTMEN OF NORTH ATTLEBOROUGH *vs.*
CIVIL SERVICE COMMISSION.[1]

Bristol. March 18, 1983. — July 26, 1983.

Present: BROWN, KAPLAN, & DREBEN, JJ.

*Civil Service,* Police, ·Punishment duty, Request for hearing. *Statute,*
Construction. *Jurisdiction,* Civil Service Commission.

The requirement of G. L. c. 31, § 62, that a police officer receiving notice
of punishment duty and desiring a hearing thereon by the appointing
authority must request such a hearing in writing within forty-eight
hours was not satisfied where a police officer received notice of punish-
ment duty on Friday, July 13, 1979, orally requested a hearing on
Monday, July 16, and that same day mailed a written request which
was not received by the appointing authority until Thursday, July 19.
[389-390]

CIVIL ACTION commenced in the Superior Court Depart-
ment on February 22, 1980.

The case was heard by *Mone,* J., on motions for summary
judgment.

*Gerald J. Caruso,* Assistant Attorney General, for the de-
fendant.

*Robert C. Bliss,* Town Counsel, for the plaintiff.

DREBEN, J. Punishment duty of sixteen hours was im-
posed on Lawrence M. Wynn, a North Attleborough police-
man. Wynn's request for a hearing pursuant to G. L. c. 31,
§ 62, was denied as untimely by the board of selectmen
(board), North Attleborough's appointing authority. Wynn
appealed to the Civil Service Commission (commission).

In those proceedings, the board moved to dismiss both on
the ground that the commission lacked jurisdiction under

---

[1] In the Superior Court Lawrence M. Wynn was a defendant but he did
not perfect an appeal in this court.

G. L. c. 31, § 42, to hear claims of a failure by the appointing authority to follow the procedures required by G. L. c. 31, § 62, and for the reason that Wynn had not requested a hearing within the forty-eight hour period required by § 62. Denying both motions to dismiss, the commission ruled that the board's failure to give Wynn a hearing was "prejudice per se" and ordered that Wynn be restored to his position without loss of compensation or other rights.[2]

The board brought this action in the nature of certiorari (G. L. c. 249, § 4) in the Superior Court. On the board's motion for summary judgment, a judge of the Superior Court ruled that the commission had no jurisdiction to hear Wynn's appeal under § 42, and that Wynn's request was not timely filed under § 62. A judgment entered quashing the commission's decision. The commission, in its appeal to this court, claims error in these rulings of law. We affirm the judgment for the reason that Wynn's request for a hearing was untimely under G. L. c. 31, § 62.

Although it is preferable to consider jurisdictional questions first, see *Attorney Gen.* v. *Industrial Natl. Bank,* 380 Mass. 533, 534 (1980); 5 Wright & Miller, Federal Practice and Procedure § 1350, at 548 (1969), that procedure is not woodenly followed, and there are instances where only the merits are discussed, e.g., *Commissioners of Civil Serv.* v. *Municipal Court of the City of Boston,* 369 Mass. 84, 91 (1975). In this case, where the legislative intent regarding jurisdiction is difficult to discern, see the appendix to this opinion, and where we are of opinion that, in any event, the merits should be reached without the requirement of yet another proceeding, compare *Chakrabarti* v. *Marco S. Marinello Associates, Inc.,* 377 Mass. 419, 423 (1979), we decline to rule on the jurisdictional issue. As indicated in the appendix, we think legislative clarification of the question whether appeals under G. L. c. 31, § 42, lie from actions of an appointing authority under G. L. c. 31, § 62, would be most helpful.

---

[2] The record before the commission is not before us, and we do not have an extended explanation of its decision.

We turn, therefore, to the merits. The facts are undisputed. Wynn was given written notice of his punishment duty on Friday, July 13, 1979, at 10:32 A.M., and, as required by G. L. c. 31, § 62, was informed of his right within forty-eight hours to make a written request for a hearing. Although his attorney, on Monday, July 16, 1979, orally requested a hearing and followed that request by a letter mailed on that day, the request was not received by the board until Thursday, July 19, 1979.

The relevant portion of G. L. c. 31, § 62, as appearing in St. 1978, c. 393, § 11, provides that "a police officer . . . upon whom punishment duty is imposed shall, within twenty-four hours of the imposition of such punishment duty, be given . . . written notice stating the specific reason for the imposition . . . and informing him that he may, within forty-eight hours of receipt of such notice, request in writing a hearing by the appointing authority." Interpreting the statute as requiring that a written request be filed with the appointing authority within forty-eight hours, the board denied the request for a hearing. We think the board's construction was correct.

In *Iannelle* v. *Fire Commr. of Boston*, 331 Mass. 250, 251 (1954), the Supreme Judicial Court construed a section of c. 31, providing that a hearing be requested within five days after receiving notice, as requiring that the request be received by the appointing authority within five days. See also *Daley* v. *District Ct. of Western Hampden*, 304 Mass. 86, 93-94 (1939). Where as here, the notice must be "given" to the police officer within twenty-four hours, and the time period allowed for requesting a hearing is also a matter of hours, rather than days, the inference is strong that the request must be received by the board within the requisite time period. See *Assessors of Marlborough* v. *Commissioner of Rev.*, 383 Mass. 876 (1981).

Accordingly, the judgment of the Superior Court quashing the order of the commission is affirmed.

*So ordered.*

APPENDIX

An examination of G. L. c. 31, §§ 42 and 62, and the legislative history of those sections reveals the difficulty in determining whether the Legislature intended to permit appeals to the commission under § 42 from failures of an appointing authority to follow the requirements of § 62. Both sections were part of a recodification of the civil service laws effected by St. 1978, c. 393, § 11. The purpose of the codification was to rearrange c. 31 "topically, as well as sequentially," or otherwise put, to make "technical" rather than "substantive" amendments to c. 31. 1977 House Doc. No. 6153, at 3 (submission of the Secretary of Administration, dated May 25, 1977, accompanying the legislation which became St. 1978, c. 393).

Prior to the 1978 recodification, an appeal to the commission from failures to follow the requirements of the section imposing punishment duty was clearly authorized. General Laws c. 31, § 46A (as appearing in St. 1975, c. 557, § 2), permitted a person to file a complaint with the commission alleging that "his employment or compensation has been affected by action of the appointing authority in failing to follow the requirements of section forty-three." Since punishment duty appeared as § 43(g), there is no question that an appeal under § 46A was proper.

In the 1978 revision, however, former § 43(g), the provision concerning punishment duty of police officers and fire fighters, was separated from § 43, a section dealing with disciplinary matters, renumbered as § 62, and placed with other sections relating to police officers and fire fighters. The language of § 62 was not changed in any respect here material except to include a reference to § 42, the section replacing prior § 46A. Compare G. L. c. 31, § 43(g), as appearing in St. 1965, c. 281, with G. L. c. 31, § 62, as appearing in St. 1978, c. 393, § 11, at 464-465.

When the punishment duty provision was moved from § 43, there was no corresponding amendment to § 42. Thus § 42 (as appearing in St. 1978, c. 398, § 11) in relevant part reads as follows: "Any person who alleges that an appointing authority has failed to follow the requirements of section forty-one in taking action which has affected his employment or compensation may file a complaint with the commission . . . ." The section refers, as did the previous § 46A, to failures to follow the requirements of former § 43 (now § 41) and makes no reference to § 62. Nor does the statute contain an express denial of commission jurisdiction as in *Canney* v. *Municipal Court of the City of Boston*, 368 Mass. 648, 651 (1975), where St. 1971, c. 179, § 4, inserting § 43(j), excluded "unauthorized absence" from the hearing and appellate review sections of c. 31.

The question, therefore, is whether the omission was deliberate. There is some indication that it was not. For example, § 62, unlike former § 43(g), requires that a copy of § 42 be given to the person upon whom punishment duty is imposed. If no appeal to the commission lies under § 42, giving a police officer a copy of that section would serve no purpose.

Nor is there a readily apparent reason for the requirement contained in § 62 (and in former § 43[g]) that a copy of the notice imposing the punishment duty be sent to the commission.

In addition, the rule of statutory construction applicable to recodification suggests that no change was intended. "It is the general rule that verbal changes in the revision of a statute do not alter its meaning, and are construed as a continuation of the previous law." *Neiss* v. *Burwen,* 287 Mass. 82, 96 (1934). *Town Crier, Inc.* v. *Chief of Police of Weston,* 361 Mass. 682, 686 (1972). See also *Carter* v. *Burgess,* 323 Mass. 295, 301 (1948); *Scaccia* v. *Boston Elev. Ry.,* 317 Mass. 245, 251 (1944). A similar rule of construction is followed where there is a mere rearrangement of sections. See Sands, Sutherland Statutory Construction § 28.11 (4th ed. 1972); *Jones* v. *Mills County,* 224 Iowa 1375, 1379-1380 (1938). See also *Trites* v. *Melrose,* 318 Mass. 378, 380 (1945).

On the other hand, the language of § 42 is quite specific. It refers solely to missteps under § 41. Whether § 42 should be construed literally despite the reference to § 42 in § 62 and despite the legislative history of the recodification is obviously a question of considerable complexity. In these circumstances, we defer treating the question of jurisdiction and suggest that the commission seek a legislative clarification of the scope of § 42.