CITY OF BOSTON & others[1] *vs.* KENNETH KOUNS & others.[2]

Suffolk. April 11, 1986. — July 15, 1986.

Present: GRANT, ARMSTRONG, & WARNER, JJ. ·

*Housing Court,* Jurisdiction. *Jurisdiction,* Housing Court, Nuisance.

The City of Boston Division of the Housing Court Department lacked subject
    matter jurisdiction over an action by the city of Boston seeking injunctive
    relief against the operators of a solid waste transfer station which, the
    city alleged, due to its location near a residential housing development,
    affected the health, safety and well-being of the residents of that develop-
    ment and which, the city further alleged, was being operated without a
    site assignment and other necessary approvals from municipal and State
    agencies, and constituted a nuisance. [509-512]

CIVIL ACTION commenced in the City of Boston Division
of the Housing Court Department on August 21, 1984.

After proceedings before *E. George Daher,* C.J., a petition
seeking relief from a preliminary injunction was heard in the
Appeals Court by *Kass,* J.

*Joseph L. Tehan, Jr.,* Assistant Corporation Counsel, for
the plaintiffs.

*Robert T. Smart, Jr.,* for the defendants.

WARNER, J. This is another dispute about the scope of the
jurisdiction of the Housing Court Department of the Trial Court.
It comes to us on an appeal by the plaintiffs from an order of
a single justice of this court vacating a preliminary injunction
entered by a judge of the Boston Division of the Housing Court
Department. See G. L. c. 231, § 118. The single justice con-

---

[1] A principal health inspector of the city of Boston and the commissioner
of the office of environmental affairs, division of community health services.

[2] Daniel Clifford, Kouns and Clifford, Inc., and Anthony Napolitano.

cluded that the Housing Court was without subject matter jurisdiction.[3]

The jurisdictional question was first presented to the Housing Court judge on a motion by the defendants Kouns and Clifford to dismiss under Mass.R.Civ.P. 12(b)(1), 365 Mass. 755 (1974).[4] The motion was denied. We draw the relevant allegations from the complaint. The individual plaintiffs are, respectively, a principal health inspector for the department of health and hospitals of Boston and the commissioner of that department's office of environmental affairs, division of community health services. The defendants Kouns and Clifford are the owners and corporate officers of Kouns and Clifford, Inc., which operates a solid waste (demolition and construction materials) transfer station on property at 22-34 Norfolk Avenue in Roxbury. The site of the facility is about 225 feet from a 774 unit residential housing development known as Orchard Park and its operation is affecting the health, safety and well-being of the residents of that development. The transfer station was being operated without a site assignment and other necessary approvals from the department of health and hospitals and the Department of Environmental Quality Engineering, as required by G. L. c. 111, § 150A, and 310 Code Mass. Regs. § 18.00 (1980), and constituted a nuisance. See G. L. c. 111, § 122; 105 Code Mass. Regs. § 410.602(A) (1983).

The complaint sought preventive and mandatory injunctive relief. The plaintiffs argue that the Housing Court had subject matter jurisdiction under G. L. c. 185C, § 3.[5] This is so, the

---

[3] The single justice also ruled that the preliminary injunction was unwarranted on the merits and that its entry constituted an abuse of discretion. In view of our disposition of the jurisdictional issue, we do not reach the propriety of that ruling.

[4] The motion also sought dismissal under rule 12(b)(6) (failure to state a claim upon which relief can be granted). We need not reach that ground.

[5] General Laws c. 185C, § 3, as amended through St. 1983, c. 575, § 2, provides in pertinent part:

"The divisions of the housing court department shall have common law and statutory jurisdiction concurrent with the divisions of the district court

plaintiffs say, because § 3, as amended by St. 1979, c. 72, § 3, is a broad concurrent jurisdictional grant, in express terms, in all criminal and civil actions under "so much of[6] . . . any . . . general or special law, ordinance, by-law, rule or regulation as is concerned directly or indirectly with the health, safety, or welfare of any occupant of any place used, or intended

department and the superior court department of all crimes and of all civil actions arising in the city of Boston in the case of that division, in the county of Hampden in the case of that division and in the county of Worcester in the case of that division, under chapter forty A, sections twenty-one through twenty-five of chapter two hundred and eighteen, sections fourteen and eighteen of chapter one hundred and eighty-six and under so much of sections one hundred and twenty-seven A through one hundred and twenty-seven F, inclusive, and sections one hundred and twenty-seven H through one hundred and twenty-seven L, inclusive, of chapter one hundred and eleven, *so much of chapter ninety-three A,* so much of section sixteen of chapter two hundred and seventy, so much of chapters one hundred and forty-three, one hundred and forty-eight, and two hundred and thirty-nine, jurisdiction under the provisions of common law *and of equity* and any other general or special law, ordinance, by-law, rule or regulation as is concerned *directly or indirectly* with the health, safety, or welfare of any occupant of any place used, or intended for use, as a place of human habitation *and the possession, condition, or use of any particular housing accommodations or household goods or services situated therein or furnished in connection therewith. The divisions of the housing court department shall also have jurisdiction of all housing problems, including all contract and tort actions which affect the health, safety and welfare of the occupants or owners thereof,* arising within and affecting residents in the city of Boston, in the case of that division, Hampden county, in the case of that division and Worcester county, in the case of that division, and shall also have jurisdiction in equity, concurrent with the divisions of the district court department, the divisions of the probate and family court department, the superior court department, the appeals court, and the supreme judicial court, of all cases and matters so arising" (emphasis supplied).

As part of the reorganization of the Massachusetts trial court system, G. L. c. 185C, § 3, was inserted by St. 1978, c. 478, § 92. General Laws cc. 185A and 185B, which created the Housing Courts in Suffolk and Hampden Counties, were repealed by St. 1978, c. 478, § 91. The relevant jurisdictional provisions of § 3 of G. L. cc. 185A and 185B, and of 185C before amendments by St. 1979, c. 72, § 3, were essentially the same. In our later discussion of the cases decided under the various versions of the jurisdictional statutes, nothing turns on which Housing Court or division was involved. For ease of reference, we have supplied emphasis to the significant 1979 amendments to c. 185C, § 3.

[6] See *Haas* v. *Breton,* 377 Mass. 591, 594 n.5 (1979).

for use, as a place of human habitation." In addition, the plaintiffs point to the statutory grant of concurrent jurisdiction to the Housing Court "of all housing problems." The plaintiffs then argue that this action fits well within the jurisdictional scheme because it was brought under statutes and regulations which protect the health, safety and welfare of the residents of Orchard Park. The defendants contend that the Legislature has in G. L. c. 111, § 150A,[7] vested in the Superior Court exclusive jurisdiction of the laws relating to site assignment of solid waste transfer stations and that, in any event, no aspect of this action involves a sufficient nexus to housing to bring it within the jurisdiction of the Housing Court.

We begin by tracing the judicial construction of the statutory grant of jurisdiction to the Housing Court, both before and after the amendments made by St. 1979, c. 72, § 3. See note 5, *supra*. It is against this backdrop that we must determine the characteristics of the present action. See *Haas* v. *Breton,* 377 Mass. 591, 595-596 (1979). In *Police Commr. of Boston* v. *Lewis,* 371 Mass. 332 (1976), the court, after comprehensive analysis of the legislative history of G. L. c. 185A, held that § 3, as it then read (see note 5, *supra*), did not confer jurisdiction on the Housing Court over an action by tenants in public housing projects to require the provision of twenty-four hour police protection. The court concluded: "In sum, we find no indication in either the statute [8] or its legislative history that

---

[7] The eighth paragraph of that statute, as appearing in St. 1970, c. 839, provides: "The superior court shall have jurisdiction in equity to enforce the provisions of this section upon petition of the department [of environmental quality engineering] or any aggrieved person." But see *Harker* v. *Holyoke,* 390 Mass. 555, 558 (1983).

[8] The court considered the specific reference in § 3 to other laws to be indicative of legislative intent. "Although this list cannot be all-inclusive considering the language of § 3, it is indicative of the type of actions that the Legislature had in mind when establishing the Housing Court. We observe that the laws specified in § 3 deal primarily with landlord-tenant relations, minimum housing standards as defined by the State Sanitary Code, the State and city building code, and the fire prevention laws and zoning regulations" (citations omitted). *Id.* at 340. The court also thought that the job requirements for housing specialists attached to the Housing Court (then contained in G. L. c. 185A, § 16, and now contained in G. L. c. 185C, § 16, without change) buttressed its conclusion as to the limited jurisdiction of the Housing Court. *Ibid.*

the seemingly broad, and perhaps ambiguous, language of G. L. c. 185A, § 3, can reasonably be construed to cover the present case. Furthermore, it would be illogical to do so. If we were to accept the defendants' position and conclude that the police conduct complained of in this case [failure to protect against racially motivated attacks] comes within the jurisdiction of the Housing Court, there would be no reasonable limits on that court's jurisdiction. There are many conceivable disputes that affect the 'health, safety or welfare' of occupants of housing, but not all are properly within the ambit of the Housing Court since it is a court of limited jurisdiction. Although we need not at this time delineate the exact scope of the Housing Court's jurisdiction, it is apparent from our prior discussion that police protection and allocation of police resources, despite their significant impact on the welfare and safety of Boston residents, are not sufficiently related to housing to come within the Housing Court's jurisdiction as defined by G. L. c. 185A, § 3." *Id.* at 340-341. From the report of the special commission appointed by the Legislature to advise it with respect to the creation of the Boston Housing Court, the Supreme Judicial Court was left with "the unmistakable impression that the role envisioned for the Housing Court with respect to tenants was one of vigilant enforcer of the laws relating to housing conditions and the physical environment within the immediate vicinity of tenants' homes." *Id.* at 338.

In *Chakrabarti* v. *Marco S. Marinello Associates,* 377 Mass. 419 (1979), the court, resting its decision on a "specific legislative exclusion" in G. L. c. 185B, § 3 (at 423), rejected the argument that G. L. c. 93A is a "general law . . . concerned with the health, safety or welfare of [housing] occupant[s]." *Id.* at 422. In *Haas* v. *Breton,* 377 Mass. 591 (1979), the court held that the Housing Court (under G. L. c. 185B, § 3) lacked subject matter jurisdiction over an action by buyers of a home against the seller-contractor for negligent damage and improper repairs to the septic tank system. After another comprehensive review of the legislative history leading to the creation of Housing Courts, the Supreme Judicial Court reiterated the view expressed in *Police Commr. of Boston* v. *Lewis, supra,* that the

Housing Court was one of limited jurisdiction and added: "[The defendant's] actions affected the health and welfare of the plaintiffs in some sense, but not in the same sense intended by the Legislature in establishing the Housing Court. To uphold the power of the court to entertain ordinary negligence actions between homeowners and contractors would be to dilute the expertise of that court and to delay the resolution of disputes properly before it. As the special commission appointed in 1966 to study the Boston Housing Court put it, 'the activity of slumlording and its attendant problems are subtle crimes which must be faced constantly *and without interruption by other types of cases* to produce maximum judicial effect.' We cannot approve the court's departure from its fundamental purpose and jurisdiction" (emphasis original, citation omitted). *Haas,* 377 Mass. at 600-601.

In swift response to *Chakrabarti* and *Haas,* the Legislature enacted the amendments to G. L. c. 185C, § 3, which appear in St. 1979, c. 72, § 3. (See note 5, *supra.*) See *Goes* v. *Feldman,* 8 Mass. App. Ct. 84, 87 (1979). Those amendments seem to have given to the Housing Court subject matter jurisdiction over the kinds of disputes involved in *Chakrabarti* and *Haas* and have been said to have "greatly expanded" its jurisdiction. *Tedford* v. *Massachusetts Housing Fin. Agency,* 390 Mass. 688, 693 n.7 (1984). The 1979 amendments did not, however, make the Housing Court one of general jurisdiction. Cf. *Patry* v. *Liberty Mobilehome Sales, Inc.,* 15 Mass. App. Ct. 701, 704-705 (1983). We do not read the Legislature's expansion of jurisdiction as an attempt to obliterate the vital and specialized character of the court by sweeping within its jurisdiction every "conceivable dispute[ ] that affect[s] the 'health, safety or welfare' of occupants of housing. . .." *Police Commr. of Boston* v. *Lewis,* 371 Mass. at 340. We think the Housing Court is still one of limited jurisdiction and that its subject matter jurisdiction is only over those matters set forth in G. L. c. 185C, § 3, which are sufficiently and particularly related to housing.

Here, the thrust of the statutes and regulations invoked by health officials of the city of Boston is to protect the health and

welfare of all residents, workers, and the public in general. While the problems associated with solid waste transfer operations may have more significant impact on those residing nearby, we do not think those conditions are so particularly and "sufficiently related to housing to come within the Housing Court's jurisdiction as defined by G. L. c. 185[C], § 3." *Police Commr. of Boston* v. *Lewis,* 371 Mass. at 340-341. Contrast *Harker* v. *Holyoke,* 390 Mass. 555, 557-558 (1983). To hold otherwise would be to fail to heed the admonition of *Lewis* that there must be "reasonable limits on [the] court's jurisdiction" (at 340), and that of *Haas* v. *Breton,* 377 Mass. at 601, to be wary of statutory interpretation that "would . . . dilute the expertise of that court and . . . delay the resolution of disputes properly before it." The present case, currently the subject of litigation in the Superior Court,[9] illustrates the perilous strain which a contrary holding would put on the fundamental purpose and resources of the Housing Court and the illogic of the statutory construction urged by the plaintiffs.

The order of the single justice vacating the preliminary injunction on the ground of lack of subject matter jurisdiction is affirmed. The case is remanded to the Housing Court, where a judgment dismissing the action is to be entered.

*So ordered.*

---

[9] At the time of briefing in this appeal, there were pending in the Superior Court an action challenging the denial of a site assignment for the solid waste transfer station and an enforcement complaint brought by the board of health and hospitals. Those actions would appear to involve all of the issues raised in the action filed in the Housing Court.