Rose A. Harker & another[1] vs. City of Holyoke & others.[2]

Hampden.   April 7, 1983. — December 12, 1983.

Present: Hennessey, C.J., Wilkins, Abrams, Nolan, & O'Connor, JJ.

*Res Judicata. Jurisdiction,* Housing Court. *Housing Court,* Jurisdiction.

Although G. L. c. 258, § 3, provides that the "Superior Court shall have
   jurisdiction of all civil actions brought against a public employer," a
   majority of this court concluded that under G. L. c. 185C, § 3, as
   amended by St. 1979, c. 72, § 3, the Housing Court had jurisdiction of
   an action against a city and two of its agencies by plaintiffs claiming
   that the defendants had failed to provide adequate water pressure to
   the plaintiffs' home. [557-558]
Where plaintiffs had commenced an action in the Hampden Housing
   Court against a city and two of its agencies, alleging failure of the de-
   fendants to provide adequate water pressure to the plaintiffs' home,
   and had had a full and fair trial, lost on the merits, and chosen not to
   appeal, the plaintiffs were not entitled to relitigate the same claims in
   the Superior Court, regardless of whether the Housing Court had sub-
   ject matter jurisdiction of their controversy. [558-561]

Civil action commenced in the Superior Court Depart-
ment on February 19, 1981.

The case was heard by *Keedy,* J., a Probate judge sitting
under statutory authority, on a motion for summary judg-
ment.

After review was sought in the Appeals Court, the Supreme
Judicial Court ordered direct appellate review on its own
initiative.

*Harold I. Resnic (David Scott* with him) for the plaintiffs.
*Robert W. Shute (Harold F. Brunault,* Assistant City So-
licitor, with him) for the defendants.

O'Connor, J.   The plaintiffs commenced an action in the
Housing Court of Hampden County alleging that the de-

[1] Edward O. Harker.
[2] Holyoke Water Works and Board of Water Commissioners.

fendants failed to provide adequate water pressure to the plaintiffs' two-family home. The plaintiffs claimed that this failure constituted a tort and a breach of contract. They sought injunctive relief and damages for the loss of rental income, for the loss of good will in their business, and for interference with the enjoyment of their home. After trial in the Housing Court, but before judgment, the plaintiffs moved for voluntary dismissal of their action on the ground that the Housing Court lacked subject matter jurisdiction. The judge denied the motion and thereafter judgment was entered for the defendants on the merits. The plaintiffs did not appeal.

Subsequently the plaintiffs brought in the Superior Court the action which is before us on appeal. Except for the addition to the Superior Court complaint of a claim under G. L. c. 93A, the Superior Court and Housing Court actions were identical in all significant respects. Relying on the principles of res judicata and collateral estoppel, the defendants moved for summary judgment in the Superior Court on the ground that the action in that court was precluded by the Housing Court judgment. A judge of the Superior Court allowed the motion and a judgment dismissing the complaint was entered. The plaintiffs appealed, claiming that the Housing Court judgment does not bar the action in the Superior Court because the Housing Court lacked subject matter jurisdiction of the controversy. We transferred the case to this court on our own motion.

General Laws c. 258, § 2, as appearing in St. 1978, c. 512, § 15, provides that "[p]ublic employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment, in the same manner and to the same extent as a private individual under like circumstances." It further provides that "[t]he remedies provided by [c. 258] shall be exclusive of any other civil action or proceeding by reason of the same subject matter against the public employer . . . ." General Laws c. 258, § 3, as appearing in St. 1978, c. 512, § 15, pro-

vides that "[t]he superior court shall have jurisdiction of all civil actions brought against a public employer." There is no grant of jurisdiction to any court other than the Superior Court in G. L. c. 258. Since the defendants are "public employers" as defined by G. L. c. 258, § 1, the plaintiffs argue that the Superior Court had exclusive jurisdiction of their claims despite G. L. c. 185C, § 3, as amended by St. 1979, c. 72, § 3. General Laws c. 185C, § 3, provides that "[t]he divisions of the housing court department shall . . . have jurisdiction of all housing problems . . . ." The parties assume, as do we, that their controversy relates to a housing problem. Concluding that G. L. c. 185C does not extend the jurisdiction of the Housing Court to "housing problem" claims against "public employers," and relying on *Almeida v. Travelers Ins. Co.*, 383 Mass. 226 (1981), the plaintiffs take the position that the Housing Court judgment did not preclude relitigation in the Superior Court. In *Almeida*, we said that "[t]he essential elements necessary to preclude relitigation of an issue are 'identity of cause of action and issues, the same parties, *and judgment on the merits by a court of competent jurisdiction.' Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933)" (emphasis added). *Id.* at 229.

The defendants argue that if G. L. c. 258 and G. L. c. 185C are read harmoniously, the provision in G. L. c. 185C, § 3, that the Housing Court shall have jurisdiction of "all housing problems" must be construed to include claims against public employers. The defendants argue that therefore the requisites for claim preclusion have been met and that the judge in the Superior Court properly allowed the defendants' summary judgment motion.

In the opinion of a majority of the court, G. L. c. 185C, § 3, as amended by St. 1979, c. 72, § 3, conferred jurisdiction on the Housing Court over the claims asserted by the plaintiffs in their original action ("all housing problems, including all contract and tort actions which affect the health, safety and welfare of the occupants or owners" of property within the geographical jurisdiction of the court). Even

assuming, without deciding, that any claim originally asserted by the plaintiffs was affected by G. L. c. 258 (the Massachusetts Tort Claims Act), adopted in 1978 (St. 1978, c. 512, § 15), in the opinion of a majority of the court the provision for exclusive jurisdiction in the Superior Court over any such claims (G. L. c. 258, § 2) was eliminated by the expansion of the Housing Court jurisdiction in 1979. Although dispositive of the case, we do not decide the case on that ground alone. In addition, in the interest of finality of judgments, we unanimously hold that relitigation of the plaintiffs' claims is precluded regardless of whether the Housing Court had subject matter jurisdiction.

By attempting to relitigate in the Superior Court the same claim on which judgment had previously been entered in the Housing Court, the plaintiffs have challenged the Housing Court judgment collaterally.[3] If we were to permit such an attack as a general rule, the finality of judgments would be substantially impaired. This would not be in the best interests of litigants or the public. While it is important that judgments be rendered only by courts having the right to render them, it is also important that controversies be finally terminated after there has been full and fair litigation. As we observed in *Wright Mach. Corp.* v. *Seaman-Andwall Corp.,* 364 Mass. 683, 688 (1974), quoting *Baldwin* v. *Iowa State Traveling Men's Ass'n,* 283 U.S. 522, 525 (1931), "[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties." The public interest in enforcing limitations on courts' subject matter jurisdiction is ordinarily served adequately by permitting direct attack on judgments. Although there may be rare circumstances in which sound policy requires that final-

---

[3] An attack on a judgment that is made in the case in which the judgment is rendered, either in the trial court or in an appellate court, is a direct attack on the judgment. Collateral attack, on the other hand, refers to challenging a judgment in an independent proceeding.

ity give way to the enforcement of limitations on a court's authority by collateral attack, this is not such a case.

This is not a case in which we should give precedence to the principle of validity of judgments over the principle of finality, because here the plaintiffs commenced their action in the Housing Court, had a full and fair trial, lost on the merits, and chose not to appeal.[4] Thus, there is no unfairness to the plaintiffs in holding that, as to them, the Housing Court judgment is final. Furthermore, whether the Housing Court had subject matter jurisdiction is fairly debatable, so the assumption of jurisdiction by the Housing Court does not constitute a clear and serious disregard of a statutory allocation of power between courts. We perceive no adverse impact on the public interest that would result from applying in this case the same claim preclusion rule that would be applied if the plaintiffs were attacking the Housing Court judgment on the basis of nonjurisdictional substantive or procedural error.

Our holding is not inconsistent with the principle that we have enunciated in cases such as *Litton Business Syss. v. Commissioner of Revenue*, 383 Mass. 619 (1981), that "[s]ubject matter jurisdiction cannot be conferred by consent, conduct or waiver." *Id.* at 622. We do not hold here that the parties conferred subject matter jurisdiction on the Housing Court, but only that they are precluded from raising the jurisdictional question in an independent action. Our holding is consistent with our statement in *Old Colony Trust Co. v. Porter*, 324 Mass. 581, 586 (1949), that "[i]f [a court] determines erroneously that it has jurisdiction, its own erroneous determination does not give it any true jurisdiction of the case as a whole, and its judgment is in general void and therefore subject to collateral attack, but in accordance with principles which also form the basis for the

---

[4] We note that after trial, but before judgment, the plaintiffs moved for voluntary dismissal on the ground that the Housing Court lacked jurisdiction of the subject matter, and that their motion was denied. While that fact supports our holding, see Restatement (Second) of Judgments, § 12 comment c, illustration 1 (1982), our holding does not turn on it.

familiar doctrine of res judicata the judgment *may*, after it becomes final, be binding upon the *parties* to the suit although not upon others, and the rights of *parties* may therefore be limited to appeal, writ of error, petition to vacate, or other methods of direct attack" (emphasis in original). Our holding finds support in the commentaries of legal scholars and in decisions in other jurisdictions. See Restatement (Second) of Judgments § 12 (1982); Moore, Collateral Attack on Subject Matter Jurisdiction, 66 Cornell L. Rev. 534 (1981); 18 C.A. Wright & A.R. Miller, Federal Practice and Procedure § 4428 (1981); 1B Moore's Federal Practice par. 0.405 [4.-1] n.47 (2d ed. 1983). See also cases set forth below.[5]

We have noted the plaintiffs' reliance on our statement in *Almeida* v. *Travelers Ins. Co.*, *supra* at 229, that "[t]he essential elements necessary to preclude relitigation of an issue are 'identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.' *Franklin* v. *North Weymouth Coop. Bank*, 283 Mass. 275, 280 (1933)." A court of competent jurisdiction is one "recognized by law as possessing the right to adjudicate the controversy." *Almeida*, *supra* at 230. In *Almeida*, we held that a determination by the Board of Appeal on Motor Vehicle Liability Policies and Bonds that an insurance company had improperly imposed a surcharge on an insured constituted a determination that the negligence attributable to the insured was fifty per cent or less, and that that determination precluded relitigation of the same issue in a subsequent independent action. We held that the board was a court of competent jurisdiction for the purpose of applying the issue preclusion rule. Therefore, we were

---

[5] *Durfee* v. *Duke*, 375 U.S. 106 (1963). *Jackson* v. *Irving Trust Co.*, 311 U.S. 494 (1941). *Chicot County Drainage Dist.* v. *Baxter State Bank*, 308 U.S. 371 (1940). *Stoll* v. *Gottlieb*, 305 U.S. 165 (1938). *Levy* v. *Cohen*, 19 Cal. 3d 165, cert. denied, 434 U.S. 833 (1977). *State Compensation Ins. Fund* v. *Luna*, 156 Colo. 106 (1964). *Vogel* v. *Vogel*, 178 Conn. 358 (1979). *Ahuna* v. *Department of Hawaiian Home Lands*, 64 Hawaii 327, 333 n.9 (1982). *Marriage of Brown*, 98 Wash. 2d 46 (1982).

not faced with the question presented here — whether a judgment of a court that is without subject matter jurisdiction may be attacked collaterally. In that context, our statement that "[t]he essential elements necessary to preclude relitigation of an issue are 'identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction,'" may properly be understood to mean only that when those elements are present relitigation is precluded. To the extent that that statement may be interpreted as requiring a judgment by a court of competent jurisdiction in order for the rules of claim preclusion or issue preclusion to apply, the statement went beyond the necessities of the *Almeida* case and was overly broad. In the circumstances of this case, the plaintiffs had their day in court. They were not entitled to relitigate in the Superior Court the claims that were tried in the Housing Court, regardless of whether the Housing Court had subject matter jurisdiction of their controversy. This applied to the claim under G. L. c. 93A, brought for the first time in the Superior Court, as well as to all other claims. *Fassas* v. *First Bank & Trust Co.*, 353 Mass. 628, 629 (1968).

*Judgment affirmed.*