JOAN BAGLEY & others [1] vs. ILLYRIAN GARDENS,
INC., & another [2]
(and a companion case [3]).

Worcester. December 8, 1987. — March 9, 1988.

Present: HENNESSEY, C.J., WILKINS, LIACOS, NOLAN, & LYNCH, JJ.

*Housing Court,* Jurisdiction. *Jurisdiction,* Housing Court. *Statute,* Con-
struction. *Zoning,* Low and moderate income housing, Appeal. *Munici-
pal Corporation,* Home rule. *Chief Administrative Justice. Housing.
Witness,* Expert, Fee. *Words,* "Consistent with local needs."

The Worcester County Division of the Housing Court Department lacked
    subject matter jurisdiction over an appeal from a grant of a comprehensive
    permit to build low or moderate income housing under G. L. c. 40B,
    § 21, where, by enacting G. L. c. 40A, § 17, which explicitly singles
    out the Hampden County Division of the Housing Court Department
    and grants it jurisdiction concurrent with that of the Superior Court over
    such appeals, the Legislature implicitly denied such jurisdiction to other
    divisions of the Housing Court Department. [824-825]
This court repeated its statement in *Konstantopoulos* v. *Whately,* 384 Mass.
    123, 129 (1981), that a judge in a court of limited jurisdiction, faced
    with a serious jurisdictional issue, should ask the Chief Administrative
    Justice of the Trial Court to transfer the case, or the judge, or both, to
    the appropriate department of the Trial Court. [825]
On an appeal under G. L. c. 40A, § 17, from a grant by a municipal zoning
    board of appeals of a comprehensive permit to build low or moderate
    income housing under G. L. c. 40B, § 21, there was insufficient evidence
    presented on the issue of the regional need for low and moderate income
    housing for the judge to balance the regional need against any objection
    to the details of the proposed plan as required by the "consistent with
    local needs" standard set out in c. 40B, § 20, even though there was
    extensive testimony going to the local need for subsidized housing.
    [825-826]
On an appeal under G. L. c. 40A, § 17, from a grant by a municipal zoning
    board of appeals of a comprehensive permit to build low or moderate income

---

[1] Twenty-five other residents of the neighborhood of the proposed build-
ing.

[2] The zoning board of appeals of Worcester.

[3] Paul Cahill & another vs. Illyrian Gardens, Inc., & another.

housing under G. L. c. 40B, § 21, the judge erred in denying a motion to strike the testimony of an expert witness who had been the object of a summons by the defendants and paid only the statutory fee, in contravention of the principle of *Commonwealth* v. *Vitello,* 367 Mass. 224, 235 (1975), where the evidence neither warranted the judge's finding that the expert testified "voluntarily," nor indicated that the admission of such testimony was warranted under the judge's discretionary power to require, without payment of expert fees, that an expert witness testify as to an opinion already formed. [826-827]

CIVIL ACTIONS commenced in the Superior Court Department on October 7, 1986, and October 8, 1986, respectively.

CIVIL ACTION commenced in the Worcester County Division of the Housing Court Department on October 16, 1986.

The cases were consolidated for trial in the Worcester County Division of the Housing Court Department and were heard by *John G. Martin,* J.

The Supreme Judicial Court granted a request for direct appellate review.

*Burton Chandler* (*Beth C. Schuster* with him) for Joan Bagley & others.

*John W. Spillane* for Paul Cahill.

*David A. Talman* (*Michael Moschos* with him) for Illyrian Gardens, Inc.

*Jonathan Finkelstein,* Assistant City Solicitor (*Bridget Murphy* with him) for Zoning Board of Appeals of Worcester.

HENNESSEY, C.J. The plaintiffs appeal from a judgment entered by a judge in the Housing Court Department affirming the grant by the zoning board of appeals of Worcester (board) to the defendant Illyrian Gardens, Inc. (Illyrian), of a comprehensive permit to build under G. L. c. 40B, § 21 (1986 ed.).

Illyrian proposes to build subsidized housing for low and moderate income elderly and handicapped persons. After hearings, the board voted to grant Illyrian a comprehensive permit. As granted, the permit represents a substantial variance from applicable zoning regulations. The plaintiffs are residents of the neighborhood of the proposed building, and are aggrieved by the issuance of the permit. They filed an appeal in the Supe-

rior Court challenging the grant of the permit. Over their objection, the case was transferred to the Worcester division of the Housing Court, which affirmed the board's grant of the permit. This court granted the plaintiffs' application for direct appellate review. Because we conclude that the Worcester division of the Housing Court lacked subject matter jurisdiction over an appeal from a grant of a comprehensive permit under G. L. c. 40B, § 21, we reverse.

The defendants urge that the Worcester division of the Housing Court had jurisdiction over this case under G. L. c. 185C, § 3 (1986 ed.), which grants the divisions of the Housing Court jurisdiction over, inter alia, civil actions arising under "any . . . law . . . as is concerned directly or indirectly with the health, safety, or welfare of any occupant of any place used, or intended for use, as a place of human habitation" and of "all housing problems . . . arising within and affecting residents in . . . Worcester county." Standing alone, this jurisdictional grant appears to encompass an appeal from the grant of a comprehensive permit. This language, however, must be construed in light of other statutes dealing more specifically with the permitting process.

General Laws c. 40B, § 21, authorizes zoning boards of appeal to grant comprehensive permits to build low or moderate income housing, and gives to any person aggrieved by the issuance of such a permit the right to appeal the issuance, "as provided in section seventeen of chapter forty A." General Laws c. 40A, § 17 (1986 ed.), provides for appeal "to the superior court department in which the land concerned is situated *or, if the land is situated in Hampden county, either to said superior court department or to the division of the housing court department for said county*" (emphasis added). By explicitly singling out the Hampden County division of the Housing Court and granting it concurrent jurisdiction over such appeals, the Legislature implicitly denied such jurisdiction to the other divisions of the Housing Court. Expressio unius est exclusio alterius. See, e.g., *New England Power Co.* v. *Selectmen of Amesbury,* 389 Mass. 69, 74 (1983) (grant to board of selectmen of power to grant or to refuse to grant street

crossing locations implicitly excludes the power to revoke); *Iannelle* v. *Fire Comm'r of Boston,* 331 Mass. 250, 252 (1954) (omission of phrase, "exclusive of Sundays and holidays," in statute regarding running of time period within which action is timely taken, implies that Sundays and holidays are to be included in computing running of time period, where such phrase was used in similar statutes); *General Elec. Co.* v. *Commonwealth,* 329 Mass. 661, 663-664 (1953) (provisions for award of costs in addition to judgment by implication excludes award of interest on judgment). While maxims of statutory construction should not be followed slavishly where to do so would frustrate the legislative purpose in enacting a statute, see, e.g., *Brady* v. *Brady,* 380 Mass. 480, 484 (1980), and authorities cited; *Creed* v. *Apog,* 377 Mass. 522, 524 (1979), and cases cited, it is readily apparent from an examination of the statutory language at issue that the Legislature intended that the Worcester division of the Housing Court should not have jurisdiction of an appeal from a grant of a comprehensive permit.

As the Worcester division of the Housing Court was without jurisdiction to try this case, its judgment must be reversed. We think it worthwhile to iterate our previous suggestion that, in the future, a judge in a court of limited jurisdiction, faced with a serious jurisdictional issue, should forestall such waste by asking the Chief Administrative Justice of the Trial Court to transfer the case, or the judge, or both, to the appropriate department of the Trial Court. See *Konstantopoulos* v. *Whately,* 384 Mass. 123, 129 (1981).

It is, of course, unnecessary, in light of our disposition of the jurisdictional issue, to consider the other issues raised by the plaintiffs. However, because it is likely that this case will be retried, we address, in the interest of judicial economy and expedience, the plaintiffs' remaining arguments. Nothing we say in any way constrains the parties' actions on retrial, or precludes the introduction of issues or evidence different from or in addition to what was presented at the original trial.

The plaintiffs argue that the Housing Court's decision cannot be upheld, as there was no evidence presented on the issue of

the regional need for low and moderate income housing.[4] This being so, they argue, the judge could not determine properly whether the board's decision to grant the comprehensive permit was "consistent with local needs" as that phrase is defined in G. L. c. 40B, § 20 (1986 ed.). "The 'consistent with local needs' standard requires [the board] to balance the regional need for low and moderate income housing against any objection to the details of the proposed plan." *Board of Appeals of Hanover* v. *Housing Appeals Comm.,* 363 Mass. 339, 365 (1973). The plaintiffs argue that the absence of any evidence going to this issue shows that the judge could not have performed the required balancing. We agree. While there was extensive testimony going to the local need for subsidized housing, the record is devoid of any evidence as to regional need. Although the judge may have inferred from the evidence of local need for subsidized housing that there was a comparable need at the regional level, such an inference could be based only on speculation or consideration of extra-record facts, as the evidence dealt exclusively with conditions in the city of Worcester, and there is no reference to those of any other community.

What has been said above disposes of the plaintiffs' further contention that there was no evidence before the judge as to the local need for subsidized housing. The evidence indicated that a significant segment of the local population of low and moderate income persons needs subsidized housing. As such, the judge appropriately could balance this consideration against the objections to the plan.

The plaintiffs further argue that the judge erred in denying their motion to strike the testimony of one Dr. Donald Chamberlayne, an expert witness who was summonsed by the defendants and paid only the statutory fee, in contravention of the principle of *Commonwealth* v. *Vitello,* 367 Mass. 224, 235, and cases cited (1975) ("a party may not by summons compel

---

[4] Without attempting to define comprehensively the terms "local need" and "regional need," we think that in this context it is clear that "local" need relates to the municipality directly concerned, in this case, Worcester, while "regional" need includes surrounding communities.

the involuntary testimony of an expert witness solely for the expertise he may bring to the trial, and in the absence of any personal knowledge on his part related to the issues before the judge and the jury"). We agree. The judge's finding that Dr. Chamberlayne testified "voluntarily" is not supported by the evidence. While there is discretionary power in the court to require, without payment of expert fees, that an expert witness testify as to an opinion already formed, this power is exercised sparingly, and only when "necessary for the purposes of justice." *Ramacorti* v. *Boston Redevelopment Auth.*, 341 Mass. 377, 379 (1960), quoting *Barrus* v. *Phaneuf,* 166 Mass. 123, 124 (1896). Nothing in the record in any way indicates that the admission of Dr. Chamberlayne's testimony was warranted under this standard.

The plaintiff Cahill alleges several additional grounds for reversal of the trial court's decision, among them, that the decision of the board was invalid because the board was composed of four members, in violation of statutes governing its composition; that the board's decisions are void as a result of significant procedural defects; that, for various reasons, the comprehensive permitting process under G. L. c. 40B, §§ 20-23 (1986 ed.), does not apply in this case; and that the board ignored relevant factors required by law to be considered in its deliberations. There is no merit to any of these arguments.

*Judgment reversed.*