## JAMES B. WILLIAMS *vs.* ATTLEBORO MUTUAL FIRE INSURANCE COMPANY.

No. 90-P-780.

Hampden. April 10, 1991. - November 12, 1991.

Present: BROWN, SMITH, & LAURENCE, JJ.

*Jurisdiction,* Housing court. *Housing Court,* Jurisdiction. *Contract,* Insurance. *Insurance,* Homeowner's insurance.

The Housing Court did not have subject matter jurisdiction of an action by an insured against his insurer, alleging that the defendant had violated the terms of a homeowner's insurance policy by not reimbursing the plaintiff for damages caused by a fire, and also alleging that the defendant had violated G. L. c. 93A and G. L. c. 176D by failing to make a reasonable investigation of the plaintiff's claim before denying liability under the policy. [523-525]

Where an insured submitted multiple claims against an insurer to the Housing Court for decision and failed to appeal a judgment entered in favor of the defendant on claims in contract, judgment had become final at least in regard to the contract claims, and the plaintiff was precluded from relitigating those matters, regardless of whether the Housing Court had subject matter jurisdiction of the controversy. [525]

CIVIL ACTION commenced in the Hampden County Division of the Housing Court Department on April 22, 1986.

The case was tried before *William H. Abrashkin,* J., and a motion for a new trial was heard by him.

*William O. Monahan (Nelda D. Cronin & R. Bartholomew Warner* with him) for the defendant.

*Donald P. Conway (Joseph R. Conway* with him) for the plaintiff.

SMITH, J. A fire in West Springfield on May 4, 1985, caused extensive damage to a three-family dwelling owned by the plaintiff, James B. Williams. At the time of the fire, the property was insured under a homeowner's policy issued by the defendant, Attleboro Mutual Fire Insurance Com-

pany. The plaintiff's claim for payment of his fire loss was denied by the defendant on the grounds that the plaintiff had deliberately caused the fire and also had failed to cooperate with the defendant during the postfire investigation as required by the terms of the policy.

On April 22, 1986, the plaintiff filed a two-count complaint in the Housing Court Department, Hampden Division. Count I alleged that the defendant had violated the terms of the insurance policy by not reimbursing the plaintiff for the damages caused by the fire. Count II was in the nature of an "Account Annexed." On May 27, 1986, the plaintiff filed an amended complaint, adding a third count. Count III alleged that the defendant had violated G. L. c. 93A and G. L. c. 176D by failing to make a reasonable investigation of the plaintiff's claim before denying liability under the policy. In its answer, the defendant raised, among other things, the lack of jurisdiction of the Housing Court over the subject matter of the plaintiff's complaint. The record does not show that there was any ruling expressly made on that issue.

The contract counts were combined into one count and were tried before a Housing Court judge and jury. At the conclusion of the trial, the judge submitted special questions to the jury under Mass.R.Civ.P. 49(a), 365 Mass. 812 (1974). In their answers to the questions, the jury found that the defendant failed to prove that the plaintiff had committed arson but also found that the plaintiff had not complied with the terms of the insurance policy by sufficiently cooperating with the defendant during the investigation after the fire. As a result, the defendant's denial of liability under the policy was justified, and judgment was entered for the defendant. On December 1, 1986, the judge allowed the plaintiff's motion for a new trial.

On January 29, 1988, the combined contract count was once again tried to a jury in the Housing Court. Count III claims under G. L. c. 93A and G. L. 176D were reserved for findings and rulings by the Housing Court judge presiding at the trial. The jury again found that the defendant had failed to prove that the plaintiff had committed arson but found

that the plaintiff had unreasonably failed to comply with the terms of the insurance policy by his intentional failure to co-operate with the defendant in its investigation of the fire.

In regard to Count III, the judge found that the defendant had violated both G. L. c. 93A and G. L. c. 176D because it did not conduct a reasonable investigation before denying lia-bility under the policy. He found the plaintiff's actual dam-ages to be $102,220 and tripled that amount because he con-cluded the defendant's conduct was wilful and knowing. Judgment was entered in favor of the plaintiff in the amount of $306,660. Later, the judge awarded the plaintiff the sum of $38,500 for attorney's fees.

Although the defendant raised three issues on appeal, it did not include the issue of the jurisdiction of the Housing Court over the subject matter of the plaintiff's action. Even if not raised below, however, it is "the duty of an appellate court to consider a jurisdictional question on its own mo-tion . . . ." *Patry* v. *Liberty Mobilhome Sales, Inc.*, 15 Mass. App. Ct. 701, 704 (1983). See *Litton Bus. Sys.* v. *Commissioner of Rev.*, 383 Mass. 619, 622 (1981) ("[s]ubject matter jurisdiction cannot be conferred by con-sent, conduct or waiver"). Prior to oral argument, we recog-nized that the subject matter jurisdiction issue was of signifi-cance and requested that the parties submit supplemental briefs on the matter. Oral arguments were then heard on the jurisdictional issue. We conclude that the Housing Court did not have subject matter jurisdiction over the plaintiff's action.

General Laws c. 185C, § 3, as amended through St. 1983, c. 575, § 2, sets out the scope of the subject matter jurisdic-tion of the Housing Court. It provides, among other things, "The [housing court] shall also have jurisdiction of all hous-ing problems, including all contract and tort actions which affect the health, safety and welfare of the occupants or own-ers thereof, arising within and affecting residents in . . . Hampden county . . . ." In addition, under § 3, a Housing Court is allowed to decide those G. L. c. 93A actions that are "concerned directly or indirectly with the health, safety, or

welfare of any occupant of any place used, or intended for use, as a place of human habitation and the possession, condition, or use of any particular housing accommodations . . . ."

It is clear that the Housing Court is "a court of limited jurisdiction with its expertise in the area of housing. While there are many conceivable disputes which may affect the health, safety or welfare of occupants of housing, not all are properly within the ambit of the Housing Court." *LeBlanc* v. *Sherwin Williams Co.*, 406 Mass. 888, 897 (1990). It is also clear that, in regard to c. 93A actions, the Legislature has not conferred "general c. 93A jurisdiction upon the Housing Court." *Patry* v. *Liberty Mobilhome Sales, Inc.*, 15 Mass. App. Ct. at 704.

Here, the plaintiff argues that the Housing Court has jurisdiction because his claims involved a "housing" problem which affected both his economic welfare and his tenants'. We disagree.

The plaintiff's contract action, including his c. 93A claim, is not a "civil action[ ] arising . . . under the provisions of common law and of equity . . . concerned directly or indirectly with the health, safety, or welfare of any occupant of any place used, or intended for use, as a place of human habitation and the possession, condition, or use of any particular housing accommodations . . . ." G. L. c. 185C, § 3. The issues raised by the plaintiff's action are not concerned with housing in its various aspects but, rather, whether the defendant improperly denied liability under an insurance policy and whether the defendant failed to conduct a reasonable investigation before denying liability. Contrast *Worcester Heritage Soc., Inc.* v. *Trussell, ante* 343, 347 n.3 (1991). Such issues have routinely been tried in the Superior Court; they certainly do not require a specialized court, such as the Housing Court, for their resolution.

We conclude that the Legislature did not intend that the Housing Court have subject matter jurisdiction over this type of case. "To hold otherwise would be to fail to heed the admonition of [*Police Commr. of Boston* v. *Lewis*, 371 Mass.

332, 340 (1976)] that there must be 'reasonable limits on [the] court's jurisdiction' . . . and that of *Haas v. Breton*, 377 Mass. [591, 601 (1979)], to be wary of statutory interpretation that 'would . . . dilute the expertise of that court and . . . delay the resolution of disputes properly before it.' ": *Boston v. Kouns*, 22 Mass. App. Ct. 506, 512 (1986).[1]

The defendant argues that, if the judgment in the c. 93A claim is reversed and another trial is ordered, the plaintiff is not entitled to relitigate his contract claim even though the Housing· Court did not have subject matter jurisdiction over that matter. It cites *Harker v. Holyoke*, 390 Mass. 555, 558-561 (1983), in support of its argument. That decision held, in general, that, irrespective of whether a court had subject matter jurisdiction, parties may not relitigate a claim which has been submitted to the court for decision and which has become the subject of a final and unappealed judgment in that forum. Here, the plaintiff failed to appeal the judgment entered in favor of the defendant on the combined contract count. Because of that failure, judgment has become final at least in regard to the contract counts, and the plaintiff is precluded from relitigating those matters. See *Harker v. Holyoke, supra* at 558-559. Contrast *Bagley v. Illyrian Gardens, Inc.*, 28 Mass. App. Ct. 127, 129 (1989)(judgment not final).

---

[1]The plaintiff notes that G. L. c. 185C, § 3, also confers jurisdiction in the Housing Court over civil actions arising under "so much of chapter[ ] . . . one hundred and forty-eight . . . as is concerned directly or indirectly with the health, safety, or welfare of any occupant of any place used, or intended for use, as a place of human habitation and the possession, condition, or use of any particular housing accommodations . . . ."

The sharing of information by an insurance company with the fire marshal, police, fire department, or other appropriate law enforcement agency in connection with any fire investigation is authorized by G. L. c. 148, § 32. There was evidence that the defendant shared with the local fire department information it had obtained in its investigation of the fire. The plaintiff argues that the act of sharing information by the defendant confers jurisdiction over its G. L. c. 93A claim.

General Laws c. 148, entitled "Fire Prevention," is a complex statute with many sections. It covers all types of matters dealing with fire prevention. It is not concerned with fire insurance policies, such as the one at issue here. We fail to see how the defendant's conduct, authorized by § 32, somehow conferred jurisdiction over c. 93A actions on the Housing Court.

We vacate the judgment entered on the plaintiff's c. 93A claim and remand it to the Housing Court with a request to the Chief Administrative Justice of the Trial Court to transfer the matter to the Superior Court. See G. L. c. 211B, § 9.

*So ordered.*